COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                                 NO.
2-09-238-CR

 

 

VICTOR CORNELL HUNTER                                                             APPELLANT

 

                                                             V.

 

THE STATE OF TEXAS                                                                             STATE

 

                                                       ------------

 

              FROM
THE 213TH DISTRICT COURT OF TARRANT COUNTY

 

                                                       ------------

 

                                      MEMORANDUM OPINION[1]

 

                                                       ------------

A jury
convicted Appellant Victor Cornell Hunter of indecency with a child and the
trial court sentenced him as a habitual offender to fifty years=
confinement.  In his sole point on
appeal, Hunter challenges the trial court=s denial
of his Batson challenge to two of the State=s strikes
to members of the venire.  See Batson
v. Kentucky, 476 U.S. 79, 106 S. Ct. 1712 (1986).  Because we hold that the trial court did not
err, we overrule Hunter=s sole point and affirm the trial
court=s
judgment.








Hunter,
who is African-American, raised a Batson challenge when the State
exercised strikes on two African-Americans on the venire panelC number
four (a woman) and number twenty-three (a man). 


The Equal
Protection Clause of the Fourteenth Amendment to the United States Constitution
prohibits race-based jury selection.  Batson,
476 U.S. at 89, 106 S. Ct. at 1719; Jasper v. State, 61 S.W.3d 413, 421
(Tex. Crim. App. 2001); Montgomery v. State, 198 S.W.3d 67, 76 (Tex.
App.CFort
Worth 2006, pet. ref=d).  When reviewing a trial court=s finding
with regard to a Batson challenge, an appellate court may reverse the
ruling only if it appears clearly erroneous. 
Watkins v. State, 245 S.W.3d 444, 447B48 (Tex.
Crim. App.), cert. denied, 129 S. Ct. 92 (2008); Montgomery, 198
S.W.3d at 76. Because a trial court is in a unique position to make such a
determination, the trial judge=s decision
is accorded great deference.  Watkins,
245 S.W.3d at 448; Montgomery, 198 S.W.3d at 76.








Once a
defendant raises a Batson challenge, the trial court must engage in a
three-step inquiry.  Watkins, 245
S.W.3d at 447; Montgomery, 198 S.W.3d at 76.  First, the defendant must make a prima facie
showing of racial discrimination and thus carries a burden of production.  Watkins, 245 S.W.3d at 447; Montgomery,
198 S.W.3d at 76.  Second, if the
defendant sustains this burden, the burden shifts to the State to produce a
racially neutral explanation for its challenged strike.  Watkins, 245 S.W.3d at 447; Montgomery,
198 S.W.3d at 76.  Third, and finally,
the trial judge rules on whether the opponent of the strike has proved
purposeful racial discrimination. Watkins, 245 S.W.3d at 447.

The
record here shows that, in overruling Hunter=s
objections to the State=s strikes, the trial court noted
that number twenty-three arrived for court forty-five minutes late, which the
trial court observed Aindicate[d] that he has no
respect for the court.@ 
Later, after Hunter presented a bill asserting that the State had
exercised its strikes in a racially discriminatory manner, the prosecutor
explained her reasons for the challenged strikes.  Specifically, she explained that she struck
number twenty-three because he had a pending drug case and number four because
she had a prior arrest for a criminal offense and appeared to connect with the
defense attorneyCbeaming at himCwhile conversely
showing little emotion when answering questions from the State. 

According
the trial court the deference required by law, we hold that the trial court=s
decisions overruling Hunter=s
challenges to the State=s use of its strikes were not
clearly erroneous.  See Watkins,
245 S.W.3d at 447B48; Montgomery, 198 S.W.3d
at 77.  We therefore overrule Appellant=s sole
point and affirm the trial court=s
judgment.

 

PER
CURIAM

PANEL:  MCCOY, DAUPHINOT, and
GARDNER, JJ.

 

DO NOT PUBLISH








Tex. R. App. P. 47.2(b)

 

DELIVERED:  August 19, 2010











[1]See Tex. R. App. P. 47.4.